IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDDIE CHARLES PRESLEY**                                                   **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:22-cv-00331-TBM-RPM**

**OFFICER UNKNOWN MATTHEWS**                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Eddie Charles Presley's failure to comply with Court Orders. When he filed his Complaint on December 8, 2022, Plaintiff was an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. His claims arise under 42 U.S.C. § 1983, and he named the Gulfport Narcotic Unit, Officer Unknown Matthews, and the City of Gulfport as Defendants. [1], pp. 1-2; [22], p. 1. On May 18, 2023, Plaintiff notified the Court that he had been relocated to the Yazoo Regional Correctional Facility in Yazoo City, Mississippi. [21-1], p. 1.

On June 27, 2023, the Court dismissed the Gulfport Narcotic Unit and the City of Gulfport as Defendants, leaving only Officer Matthews to defend Plaintiff's allegations. [24], pp. 1-6. Subsequently, the Court issued a Notice of Lawsuit and Request to Waive Service of Process to Officer Matthews, [25], pp. 1-2, but no waiver of service was timely filed. Later, the Court issued a summons to Officer Matthews at the attention of City Attorney Jeffrey S. Bruni, [27], pp. 1-2, but the summons was returned unexecuted, [30], p. 2. Attorney Bruni advised the Marshals Service "that there are multiple Officer Matthews with [Gulfport Police Department] and he would not take receipt of . . . process due to not being able to determine the correct Officer Unknown Matthews." [30], p. 2 (quotation omitted).

On November 2, 2023, the Court advised Plaintiff that it is his "responsibility to prosecute this case, including identifying Officer Matthews' full name and location for service of process." [31], p. 1. Thus, Plaintiff was ordered to file a written response on or before November 16, 2023, to "(1) provide a full name and address for Officer Matthews, or (2) if unsuccessful in obtaining this information, explain why, or (3) voluntarily dismiss Officer Matthews as a Defendant." [31], pp. 1-2. Plaintiff was "warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of this Court will result in the dismissal of this case." [31], p. 3. The Order [31] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "not here." [32], p. 1. Plaintiff did not comply with the Court's Order [31] by the November 16 deadline.

On November 21, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [31]. [33], p. 1. Plaintiff's responsive deadline was extended to December 5, 2023, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." [33], pp. 1-2. The Order to Show Cause [33], with a copy of the Court's November 2 Order [31], was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable. [34], p. 1. Plaintiff did not comply with the Court's Orders [31] [33] by the December 5 deadline.

On December 14, 2023, the Court entered a Second and Final Order to Show Cause [35] directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [31] [33]." [35], p. 2. Plaintiff was ordered to file a written response on or before December 29, 2023. [35], p. 2. Plaintiff was also ordered, on or before the December 29 deadline,

to comply with the Court's November 2 Order [31] "by providing the information solicited therein." [35], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . *will result* in this lawsuit being dismissed without prejudice and without further notice to him." [35], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [31] [33]." [35], p. 2. The Second and Final Order to Show Cause [35], with a copy of the Court's November 2 Order [31] and November 21 Order [33], was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable in an envelope marked, "not here." [36], p. 1.

Plaintiff did not comply with the Second and Final Order to Show Cause [35], and he has not communicated with the Court about his lawsuit since June 2, 2023 [23]—despite being warned fifteen times that a failure to comply or to notify the Court about a change in address may lead to the dismissal of his case. *See* [3], p. 2; [5], p. 2; [6], p. 2; [10], p. 2; [12], p. 2; [15], pp. 2-3; [16], p. 2; [18], p. 1; [19], p. 2; [20], pp. 2-3; [25], p. 2; [27], p. 2; [31], p. 2; [33], p. 2; [35], p. 2. And the Mississippi Department of Corrections ("MDOC") website reflects that Plaintiff is no longer housed in MDOC custody.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services,*

*LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [31] [33] [35], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 11th day of January, 2024.**

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**